UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,            Case No. 16-CR-0028-PP

         Plaintiff,

v.

JASON D. LOWMAN,

         Defendant.

---

**ORDER ADOPTING MAGISTRATE JUDGE JOSEPH'S RECOMMENDATION (DKT. NO. 29) AND DENYING DEFENDANT'S MOTION TO SUPPRESS (DKT. NO. 9)**

---

**INTRODUCTION**

       The grand jury indicted defendant Jason Lowman on one count of willfully engaging in the business of dealing in firearms without a license, and one count of being a felon in possession of a firearm. Dkt. No. 1 at 1-2. The defendant filed a motion to suppress and a request for an evidentiary hearing. Dkt. No. 9. Specifically, the defendant argued that the warrant used to obtain evidence against him was based on illegally obtained evidence. Dkt. No. 9 at 1. Magistrate Judge Joseph held an evidentiary hearing on May 16, 2016, dkt. no. 16, and she issued a report and recommendation on August 26, 2016. Dkt. No. 29. Judge Joseph recommended that the court deny the motion to suppress. Id. The defendant objected to the report and recommendation. Dkt. No. 32. The court adopts Judge Joseph's recommendation, and denies the defendant's motion to dismiss.

1

**DISCUSSION**

Judge Joseph's order lays out the factual and legal conclusions relevant to the general resolution of the case. Dkt. No. 29. The court will address only the specific issues raised in the defendant's objection.

The defendant raised two arguments in his objection to Judge Joseph's order: (1) that the conditions of the defendant's supervised release focused exclusively on internet use and provided no authority to search his computer without reasonable suspicion, and (2) that Judge Joseph erred in finding that reasonable suspicion was not required to support a search of the defendant's texts and personal photographs. Dkt. No. 32 at 2, 9. The court finds that a probation office may search a defendant's internet-capable cell phone pursuant to a narrowly-tailored probation condition allowing such searches. Thus, the court agrees with Judge Joseph that the probation condition in this case encompasses cell phone text message searches and is narrowly tailored to fit the defendant's circumstances.

**I. The Seventh Circuit Has Held that Broad Computer/Internet-Capable Device Search Conditions Do Not Violate a Probationer's Fourth Amendment Rights if Narrowly Tailored to the Probationer's Circumstances.**

There appears to be no dispute that the probation officer did not have reasonable suspicion to search the defendant's text messages and photos. As Judge Joseph explained, "[t]he Supreme Court has left open the question of whether an entirely suspicionless search could be authorized simply because the probationer agreed to waive his Fourth Amendment rights as a condition of his supervision." Dkt. No. 29 at 11; See United States v. Knights, 534 U.S. 112

2

(2001). The Seventh Circuit has addressed this question in multiple cases—again discussed in Judge Joseph's order. Id. at 11-13. While there may be arguments against the applicability of some of the cases to the defendant's situation, the court agrees with Judge Joseph that United States v. Taylor, 796 F.3d 788 (7th Cir. 2015) controls. Id. at 12-13.

In Taylor, the Seventh Circuit reviewed a special probation condition requiring monitoring of internet-capable devices. Id. at 794-95. The condition provided that:

> The defendant may not use the internet to access social chat-rooms in which users conduct conversations with other third-party chatroom users. This does not include informational chats used by websites to provide customer service or answers to frequently asked questions. Prior to accessing an internet capable device, the defendant shall provide notice to the probation department of the type and location of such device. To verify compliance with this condition, upon request, the defendant shall make available for inspection by the probation department, any such internet capable device."

Id. at 794. The Seventh Circuit found that the search triggered by this provision did not need to be conditioned on a finding of reasonable suspicion, because the defendant had used his computer to commit the crime, and allowing access to the defendant's personal computer without reasonable suspicion of a probation violation or crime was not an abuse of discretion. Id. at 794-95. Still, the Seventh Circuit "reiterate[d] the importance, when sentencing courts consider imposing a special condition like this one, that such 'broad search and seizure authority' be 'connected to [the defendant's]

3

offense, history, and personal characteristics." Id. at 795 (citing Goodwin, 717 F.3.d at 523).

Taylor essentially holds that if a district court imposes a broad search condition that is narrowly tailored to the defendant's "offense, history, and personal characteristics," a probation officer does not need reasonable suspicion to conduct the search. This court must analyze (a) the scope of the probation condition here, and (b) whether the condition was narrowly tailored to the defendant's circumstances.

II. **The Search Condition Allowed Searches of the Defendant's Internet-Capable Devices, Including His Cell Phone.**

The presentence writer who worked on the defendant's receipt of child pornography case before Judge Stadtmeuller filed the defendant's presentence investigation report on January 12, 2011. United States v. Lowman, case no. 10-cr-115 at Dkt. No. 8. That report (unlike reports the probation office files today) did not contain any suggested conditions of supervised release.

On the same date, however, the probation officer filed his recommendation to the judge, and that recommendation contained fourteen recommended special conditions. Id. at Dkt. No. 9, pages 3-4 (under seal). One of those special conditions read as follows:

> The defendant shall allow the probation office[1] to conduct periodic unannounced examinations of his[2]

---

[1] As the court will discuss, Judge Stadtmueller orally imposed this condition at the sentencing hearing. During the hearing, he read the words "your supervising probation officer" in place of the words "the probation office." United States v. Lowman, Case No. 10 cr-115 at Dkt. No. 18, p. 32.
[2] Judge Stadtmueller read the word "your" in place of the word "his." Id.

4

> computer equipment, *Internet capable devices,[3] similar electronic devices, related computer peripherals, residence and vehicle,* which may include retrieval and copying of all data from his[4] device to ensure compliance with this condition, and/or removal of such equipment for the purpose of conducting a more thorough inspection.[5]

USA v. Lowman, 10-cr-115, dkt. no. 9 at 4 (emphasis added).

The sentencing hearing took place some two months later, on March 25, 2011. Id. at Dkt. No. 16. The transcript of that hearing reflects that Judge Stadtmueller read the probation officer's recommended condition almost verbatim. Id. at Dkt. No. 18, pp. 33-34.

Judge Stadtmueller signed the written Judgment in a Criminal Case on the same day he imposed sentence. Id. While the fourteenth condition that Judge Stadtmueller stated *orally* at sentencing was the one recommended by the probation officer, the fourteenth condition that appeared in the *written order of judgment* reads as follows:

> The defendant shall allow his supervising probation officer conducting [sic] periodic unannounced examinations of his computer(s) equipment, which may include hardware, removable storage/media devices, and copying of all data from the computer(s). This also includes removal of such equipment by his supervising probation officer, when necessary, for the purpose of conducting a more thorough inspection.

Id. at Dkt. No. 17, p. 3.

---

[3] Judge Stadtmueller read the word "or" between the word "devices" and the word "similar." Id.
[4] Judge Stadtmueller read the words "these" for the word "his." Id. at 34.
[5] Judge Stadtmueller read the word "examination" in place of the word "inspection." Id.

5

There is no indication in the record why the condition fourteen that Judge Stadtmueller imposed orally at sentencing did not appear in the written judgment, or was substituted by a differently-worded condition. "When there is a conflict between an oral and later written sentence, the oral judgment pronounced from the bench controls." United States v. Kappes, 782 F.3d 828, 862 (7th Cir. 2015) (citing United States v. Johnson, 765 F.3d 702, 710-11 (7th Cir. 2014)). Although the district court retains the ability to modify the defendant's conditions of supervised release at any time after his sentencing hearing, the record contains no evidence that Judge Stadtmueller meant the provision in the written judgment to modify the oral pronouncement. See Johnson, 765 F.3d at 711. Consequently, the broad provision he imposed at the sentencing hearing controls.

While one might argue that the condition in the written judgment does not allow searches of the defendant's cell phone, the condition Judge Stadtmueller imposed orally at the sentencing does; it requires the defendant to allow the officer to examine "Internet capable devices, or similar electronic devices." United States v. Lowman, Case No. 10-cr-115 at Dkt. No. 18, p. 32. Two facts support this conclusion.

First, both the oral and the written condition twelve of the defendant's sentence required him to participate in the probation office's computer monitoring program during his term of supervision. Id.; United States v. Lowman, Case No. 16-cr-28 at Dkt. No. 9-1, p. 3. The "Computer & Internet Monitoring Program Participant Agreement," which the defendant signed,

6

states that "I further understand that any computer and/or other device which allows Internet access in my residence, is subject to random examinations/analysis/searches by the USPO." United States v. Lowman, Case No. 16-cr-28 at Dkt. No. 9-2, at p. 1. Even if the defendant thought that the written sentence controlled, the computer monitoring agreement would have alerted him that his probation officer could randomly search his internet-capable devices.

Second, at the evidentiary hearing, the probation officer "testified that he did not prompt the defendant to use his cell phone as his computer; rather, he said that if the defendant was going to use the phone as his computer that the monitoring software would have to be installed." Id., Dkt. No. 29 at 5. The defendant made the choice to use his phone to access the internet, and thus to subject that device to the examinations, analyses and searches described in the oral sentence and in the computer monitoring agreement.

For these reasons, the court concludes that the combination of conditions twelve through fourteen (as stated orally at sentencing) and the computer monitoring program agreement provided allowed searches of the defendant's phone. The court also concludes that, through choosing to use his phone as his internet device, signing the computer monitoring agreement and agreeing to allow the probation officer to install monitoring software on the phone, the defendant consented to the probation officer's search of his phone—including text messages and photos.

### III. The Condition Was Narrowly Tailored to Fit the Defendant's Circumstances.

Next, the court must determine whether the conditions were narrowly tailored to the defendant's circumstances. As Judge Joseph explains in the factual background of her report, in the case before Judge Stadtmueller, the defendant had been convicted of possession of child pornography, including sharing images and videos of child pornography over the internet using peer-to-peer software. Dkt. No. 29 at 13. Oral condition fourteen allows periodic, unannounced examinations of the phone (and other devices), as well as retrieval of all data. The parties, in different ways, agree that in imposing this condition (and conditions ten, twelve and thirteen), Judge Stadtmueller was trying to ensure that the defendant did not share or receive the kinds of images he had been convicted of sharing and receiving. Allowing a probation officer to examine the phone periodically was, as Judge Joseph found, a condition narrowly tailored to prevent the defendant from engaging in the behavior that led to his conviction.

In determining whether the condition was tailored narrowly, the court also must look at the probation department's computer monitoring agreement, because Judge Stadtmueller included that in the conditions through condition twelve. That program requires the defendant to acknowledge that his devices will be subject to random examinations or searches. To determine whether that requirement—interpreted as, perhaps, a "sub-condition" of the fourteen conditions—is narrowly tailored, one must look back at condition ten.

8

Case 2:16-cr-00028-PP   Filed 12/19/16   Page 8 of 10   Document 36

That condition prohibits the defendant from possessing materials depicting sexually explicit conduct. A condition that allows the probation officer to examine or search devices on which the defendant could receive or possess such material is one that is tailored to the defendant's particular circumstances. A random search/examination condition is more narrowly tailored than, say, a daily search condition, or a constant live monitoring condition. Conditions ten and twelve through fourteen tailored the probation officer's authority to searching/examining the phone for use of the internet to obtain/share the prohibited material. The probation officer discussed with the defendant the fact that, in the context of accessing the internet on a smartphone, such searches and monitoring would include monitoring of his text messages. The probation officer did not testify, and there is no indication, that the conditions authorized probation to search, for example, Word documents stored in the defendant's smartphone, or a notes app. The conditions, the monitoring program and the probation officer's explanation of the search/examination scope encompassed those functions of a smartphone which would allow the defendant to obtain, exchange or view data containing prohibited materials. The court concludes, as did Judge Joseph, that the conditions were narrowly tailored to fit the defendant's circumstances. Under Taylor, this means that the probation officer did not need reasonable suspicion to conduct the searches that resulted in the images that led to the investigation that concluded in the current charges.

**CONCLUSION**

The court finds that the probation conditions at issue do not violate the defendant's Fourth Amendment rights, because conditions ten, twelve, thirteen and fourteen, combined with the computer monitoring agreement, allowed the search of the defendant's smartphone, and because those conditions were narrowly tailored to fit the defendant's circumstances.

The court **ADOPTS** Judge Joseph's recommendation (Dkt. No. 29), and **DENIES** the defendant's motion to suppress (Dkt. No. 9). The court will schedule a status conference with counsel to discuss new final pretrial and trial dates.

Dated in Milwaukee, Wisconsin, this 19th day of December, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge